### HOLLIMAN, County Treas., v. BASDEN.

No. 25931.   June 25, 1935.

Marvin Shilling, Co. Atty., for plaintiff in error.

Sigler & Jackson, for defendant in error.

PER CURIAM. The only issue involved in this case is whether or not the plaintiff below, defendant in error herein, has a valid and subsisting claim against Carter county, Okla., and whether or not his claim can be enforced by a mandamus action.

The plaintiff in error contends that this

is not a proper case for mandamus, for the reason that the rights of the defendant in error are not clear, and that he has an adequate remedy at law, only having a claim against the county which should be submitted to a trial court in a law action.

The plaintiff in error further urges that the claim of the defendant in error is barred by the statute of limitations.

This suit originated over certain claims of persons who had purchased tax sale certificates on land. Certain persons had purchased these tax sale certificates, and the persons owning the land had redeemed the tax sale certificates, leaving the money in the hands of the county treasurer and leaving the tax sale certificates outstanding.

The plaintiff below presented evidence that the tax sale certificates were owned by him, and had never been redeemed, and that the certificates had been lost. The defendant below rather concedes the contention of the plaintiff below to be true in this regard.

Under the law of this state, section 12757, Okla. Stats. 1931, it is the duty of the county treasurer to hold money paid to him for the benefit of the holder of the tax sale certificate. The money in question could never become the property of the county. It was held in a separate fund and never commingled with the county's funds, and it was clearly the duty of the county treasurer to pay said funds to the party who was entitled to receive the same. The record clearly discloses that the plaintiff below was entitled to receive the funds in question. This being true, mandamus was the proper remedy.

The contention is also made that the statutes of limitation have run against the claim of the plaintiff below. With this contention we cannot agree, since, unquestionably, the money collected was held by the county treasurer as a trust fund, and, under such circumstances, the statutes of limitations would not begin to run, in any event, until demand had been made therefor by the persons entitled thereto.

This proposition was passed upon in the case of Whitehead v. Gormley, 116 Okla. 287, 245 P. 562.

The trial court, out of an abundance of precaution, required that the plaintiff below give a bond to the county treasurer, indemnifying him against possible loss. The bond was given and it was clearly the duty of the treasurer to make payment to the plaintiff below, by reason of the money which was held by the treasurer for the benefit of the plaintiff below.

It follows that the judgment of the trial court should be, and is hereby, affirmed.

The Supreme Court acknowledges the aid of District Judge Jesse J. Worten in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, upon consideration, this opinion, as modified, was adopted by the court.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. BAYLESS, J., absent.